IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 3:05-cr-287-MEF |
| ) | |
| CORNELIUS DONAL TURNER ) | |

BRIEF IN OPPOSITION TO MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and in response to the Court's Order of March 17, 2006, and in reply to Defendant's Memorandum filed on March 28, 2006, the following is submitted:

1.  Defendant alleges that "Before Deputy Sanders next asked Mr. Turner if there were any weapons in the car...he should have advised Mr. Turner of his Miranda rights." The United States submits that Miranda warnings must be given only when a suspect is both in custody and subjected to state interrogation. Illinois v. Perkins, 496 U.S. 292 (1990).

Deputy Jimmy Sanders of the Lee County Sheriff's Office stopped the Defendant for a traffic offense, failure to dim headlights. Deputy Sanders testified at the suppression hearing that the Defendant failed to stop when the emergency lights were flashed even though there was room for the vehicle to pull over. The vehicle made two turns and traveled approximately one quarter of a mile before stopping. During this time, Deputy Sanders was able to see the driver acting if he was trying to conceal something.

When Deputy Sanders approached the vehicle after it finally stopped, the driver gave the name Chris Phillips and gave a false date of birth and false social security number. Persons detained to routine traffic stops are not in custody in the absence of other factors indicating the presence of a coercive atmosphere. United States v. Wong Ching Hing, 867 F.2d 754 (2nd Cir. 1989) held there was no custody though the suspect was detained for thirty minutes during a routine traffic stop because the length of the stop was due to the suspect not having registration papers and suspect giving suspicious answers to questions about car ownership.

For much of the time Defendant spend after being stopped, he was able to remain in his own vehicle with his hands in view of the officer. Even after he was told he could put his hands on the steering wheel, he left then outside the vehicle. It is clear the officer was protecting his own safety when instructing the Defendant to keep his hands in view. During this time, Deputy Sanders was attempting to verify the information Defendant had given him.

When finally assisted by backup officers, Deputy Sanders had the Defendant get out of the vehicle and patted him down for weapons. At this time Deputy Sanders asked if he had anything in the vehicle and the Defendant said a pistol was underneath the driver's seat. It must be remembered that Deputy Sanders testified the Defendant was not in custody until after he retrieved the pistol. This occurred at the same time Deputy Sanders noticed a bag of cocaine base on the passenger side seat.

In United States v. Garcia, 77 F.3d 857 (5th Cir. 1996), the Fifth Circuit held there was no custody though the Defendant was questioned during a roadside encounter because the restraint on his movement was not of a degree associated with a formal arrest. When there is no custody, there is no need for Miranda warning. Illinois v. Perkins, supra.

2. One week after the Defendant was arrested, he was interviewed at the Lee County Sheriff's Office by Keith Jordan who is also a Lee County Deputy Sheriff. On this occasion the Defendant was fully advised of his rights and executed a waiver of rights form. In a statement to Deputy Jordan, the Defendant admitted purchasing the pistol for his protection. He also admitted the crack cocaine was his and he was selling it to help support his girlfriend and his two children.

In United States v. Paradis, 351 F.3d 21 (1st Cir. 2003), the court held that the Defendant's statements were admissible when made seven days after illegal search and seizure of gun after defendant received Miranda warnings. In United States v. Bautista, 145 F.3d 1140 (10th Cir. 1998), the court held that a second confession was admissible regardless of whether the first confession was voluntary because of a six day break between the first confession at the time of arrest and second confession.

It is clear the confession was given to Deputy Jordan after the Defendant was properly

advised of his Miranda rights.

Wherefore, premises considered, the United States submits the Defendant's motion to suppress is due to be denied.

Respectfully submitted this the 4th of April, 2006.

                                    LEURA GARRETT CANARY
                                    UNITED STATES ATTORNEY

                                    /s/ Kent B. Brunson
                                    KENT B. BRUNSON
                                    Assistant United States Attorney
                                    Post Office Box 197
                                    Montgomery, Alabama 36101-0197
                                    334.223.7280
                                    334.223.7135 fax
                                    kent.brunson@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)<br>CORNELIUS DONAL TURNER    ) | CR. NO. 3:05-cr-287-MEF |

CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Don Bethel.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
Bar Number: ASB-3094-U62K
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kent.brunson@usdoj.gov