IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:05-cr-287-TH |
| | ) | (WO) |
| CORNELIUS DONAL TURNER | ) | |

## **ORDER**

On May 22, 2006, the defendant filed a Motion to Continue Trial (Doc. #31). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that on May 15, 2006 the court denied defendant's motion to suppress. Since the denial of defendant's motion to suppress, the defendant is negotiating a plea agreement with the government. Defendant has agreed to be debriefed by government agents as part of a plea agreement but due to conflicting schedules, this proffer cannot be

scheduled until the week of June 5, 2006. Counsel for the government does not object to a continuance of the June 5, 2006 trial date. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. See <u>United States v. Davenport</u>, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on May 22, 2006 is GRANTED;

2. That the trial of this defendant is continued from the June 5, 2006 trial term to the September 11, 2006 trial term before Chief Judge Mark E. Fuller.

3. That the Magistrate Judge conduct a pretrial conference prior to the September 11, 2006 trial term.

DONE this 26th day of May, 2006.

*Truman Hobbs*
TRUMAN HOBBS
SENIOR UNITED STATES DISTRICT JUDGE

2